IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Pamela Daab, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 6:24-cv-748-TMC |
| ) | |
| Denise Phillips, *Exxon Manager;* ) | **ORDER** |
| Lowe's Improvement; Gold's Gym; ) | |
| and Whole Foods, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Pamela Daab ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Defendants, alleging they failed to render speedy service, "insulted" her "character," directed her to leave their respective properties and called the police even though she was doing "nothing wrong." (ECF No. 1 at 2–4). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge entered an order on March 5, 2024, directing Plaintiff to provide specific information to bring the case into proper form and to keep the Court apprised of her current address and warning Plaintiff that the failure to comply could result in the dismissal of her case. (ECF No. 9). This order was mailed to Plaintiff at the address she provided the Court. (ECF No. 11). The order has not been returned marked undeliverable; accordingly, the Court presumes Plaintiff received the order.

Nonetheless, Plaintiff failed to respond to the magistrate judge's proper form order. On April 5, 2024, out of an abundance of caution, the magistrate judge issued a second proper form order reiterating the consequences of Plaintiff's failure to comply. (ECF No. 13). The second proper form order was mailed to Plaintiff, again, at the address she provided the Court. (ECF No.

14). Once again, the order was not returned marked undeliverable; accordingly, the Court presumes Plaintiff received the second proper form order as well. Plaintiff, however, failed to respond or comply.

On April 23, 2024, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the Court dismiss this action for failure to comply with the Court's orders and for failure to state a claim for relief. (ECF No. 16 at 2–4). Accordingly, the magistrate judge recommended the Court dismiss the action with prejudice, without leave to amend, and without issuance and service of process. *Id*. at 4. On the same day, the Report was mailed to Plaintiff at the address she had provided the Court along with a notice of Plaintiff's right to file objections. (ECF Nos. 16 at 6; 17). The Report has not been returned to the Court as undeliverable. Therefore, Plaintiff is presumed to have received the Report.

On May 13, 2024, after the time for Plaintiff to object to the Report had expired, the Court received a note from the Plaintiff on a copy of a previously entered proper form order, stating "Filed in Wrong Court" and "will be send[ing] a letter soon! 7 days!" (ECF No. 21). On June 3, 2024, the Court entered an order construing the note (ECF No. 21) as a motion for an extension of time to file objections to the Report and, in light of Plaintiff's *pro se* status, granting Plaintiff additional time to filed objections to the Report until 5:00 pm, Friday, June 21, 2024. (ECF No. 22). The Court expressly warned Plaintiff that "[n]o further extensions will be granted." *Id*. This order was mailed to Plaintiff at the address she had provided the Court, but Plaintiff has not filed objections. The court received a note from Plaintiff on a Summons Form on June 17, 2024. (ECF No. 24). However, beyond indicating that the magistrate judge was "not on [her] side[,]" and listing the Defendants to this action in the margin with question marks beside their names, the form does not appear to relate to this case in any way, nor is it responsive to the Report. Instead, the form

2

appears to be an attempt to serve "Wal-Mart" at an Arizona address. *See* (ECF No. 24 at 1). Wal-Mart is not a party to this action, nor does the form provided implicate any transaction or occurrence relating to the complaint in this case. Accordingly, the court finds that the summons filed on June 17, 2024 is not responsive to the Report, nor does it contain any objection to the Report's recommendation of dismissal of *this* case. The time for objecting has expired, and the matter is ripe for disposition.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 16), which is incorporated herein by reference. Accordingly, the court hereby

**DISMISSES** this action with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            Chief United States District Judge

June 28, 2024
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.